IN UNITED STATES DISTRICT COURT OF MIDDLE TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ROSALYN CRANE, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CAJUN OPERATING COMPANY )<br>d/b/a CHURCH'S CHICKEN, )<br>)<br>    Defendant. ) | NO.<br><br>JURY DEMAND |

## COMPLAINT

COMES NOW the Plaintiff, ROSALYN CRANE, by and through his attorney of record, and brings suit against Defendant CAJUN OPERATING COMPANY d/b/a CHURCH'S CHICKEN (hereinafter "Defendant") and would state as follows:

1. The Plaintiff's causes of action arise in tort under laws of the United States and the State of Tennessee for damages Plaintiff sustained as a result of discrimination based on Plaintiff's race.

2. Plaintiff Roselyn Crane is a citizen and resident of the State of Tennessee and is African-American.

3. The Defendant Cajun Operating Company d/b/a Church's Chicken is a foreign corporation operating lawfully within the State of Tennessee and can be served through its registered agent, to wit: Corporation Service Company, 2908 Poston Avenue Nashville, Tennessee 37203

3. Venue and jurisdiction are proper pursuant to 28 U.S.C.A. § 1331, 28

U.S.C.A. §1346 and 28 U.S.C.A. § 1367.

4. Within ninety-days prior to filing this Complaint, the Equal Employment Opportunity Commission issued Plaintiff a right-to-sue letter and, thus, this Complaint is timely.

5. Plaintiff was the Restaurant General Manager of one of Church's Chicken restaurants in Madison, Tennessee. Plaintiff held this position from July, 2007 To May 21, 2010, when she was terminated based on her race. Plaintiff held an excellent reputation as a manager and had no verbal or written reprimands regarding money during her tenure at this location.

6. The restaurant where Plaintiff worked was previously owned by another company and such was purchased by Defendant in or about July of 2009. In or about April of 2010, Damon Durham, a Caucasian male, took over as district manager and was Plaintiff's immediate supervisor.

7. In or about May of 2010, Mr. Durham had a meeting with Plaintiff in the dining room of the Madison restaurant. At that time, the crew of such restaurant was entirely African-American through no design or intent by Plaintiff or any other individual. However, Mr. Durham was not satisfied with the racial make up of Plaintiff's staff and asked Plaintiff if she considered "getting different cultures in here". Plaintiff was both offended and confused by such statement and upon asking Mr. Durham to clarify he stated, "Would you like to go next door to Pizza Hut and see what they have over there?" Mr. Durham clearly did not like having an all black staff and wanted Plaintiff to change the racial make up of her staff.

8. On or about May 27th, 2010, Mr. Durham contacted Plaintiff about a missing deposit in the amount of $815.50. Plaintiff made such deposit and advised Mr.

Durham of same.

9. Despite Plaintiff's assertion that the deposit had been made and failing to to a thorough investigation with the bank, Mr. Durham came to Plaintiff's restaurant and immediately did an audit on the safe. Initially, he accused Plaintiff of missing $100. Plaintiff asserted that the safe contained all of the money indicated on the records. Mr. Durham did a recount and, indeed, all of the money was accounted for.

10. Mr. Durham proceeded to accuse Plaintiff of covering up for someone. Plaintiff made the deposit and, thus, was not covering up for anyone. Mr. Durham than stated that Plaintiff was terminated because she was responsible for the deposit. Plaintiff asked if the deposit was found by the bank, could she have her job back. Mr. Durham stated she would not be reinstated if the deposit was found.

11. Mr. Durham made the decision based on Plaintiff's race as he failed to review the video that was available at the bank as requested by Plaintiff or otherwise do a proper investigation of the missing deposit. Mr. Durham was fully aware that Plaintiff recorded in the company computer system that she had made the deposit and, thus, it was implausible that Plaintiff would steal the money or be an accessory to such theft.

12. Mr. Durham was not interested in doing a thorough investigation into the missing deposit, but was interested in changing the racial make up of the staff at the restaurant. Indeed, Plaintiff was replaced by a white female that was less qualified than Plaintiff.

## COUNT ONE– DISCRIMINATION

13. Plaintiff herein adopts and re-alleges Paragraphs 1-12 above as if fully set

forth herein.

14. Defendant's actions as set forth herein are in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 (Title VII), as Defendant illegally discriminated against Plaintiff based on her race.

15. Defendants' actions as set forth herein are in violation of T.C.A. § 4-21-101 et seq, which prohibits discrimination in any manner against any person based on such individual's race..

16. As a direct and proximate result of Defendant's aforementioned actions, omissions and violations, Plaintiff has suffered injuries and losses, including, but not limited to, pain and suffering, mental anguish, embarrassment and humiliation, lost wages, attorney's fees, costs and expenses and additional injuries and losses. Plaintiff continues to suffer such injuries and losses and seeks all damages to which she is legally entitled, including, but not limited to, damages pursuant to the Civil Rights Act of 1964, as amended, damages pursuant to the Tennessee Human Rights Act, punitive damages, compensatory damages, special and incidental damages, costs and attorney's fees. In addition or in the alternative, upon a finding of discrimination, Plaintiff requests that the Court enter a permanent injunction preventing Defendant from further discriminating against employees based on their race.

## COUNT TWO: NEGLIGENT HIRING AND SUPERVISION

17. Plaintiff herein adopts and re-alleges Paragraphs 1-16 above as if fully set forth herein.

18. Upon information and belief, Defendant knew or should have known of its employees or agents propensities to behave in a manner as set forth herein and should

not have hired such employees or agents or should have properly supervised him or her to prevent injury to its employees. Therefore, Defendant is vicariously liable for all of the actions of its agents and/or employees set forth herein.

19. As a direct and proximate result of Defendant's aforementioned actions, omissions and violations, Plaintiff has suffered injuries and losses, including, but not limited to, mental anguish, loss of the enjoyment of life, embarrassment and humiliation, lost wages, cost and expenses and additional injuries and losses. Plaintiff continues to suffer such injuries and losses and seeks all damages to which she is legally entitled, including, but not limited to, compensatory damages, special and incidental damages, punitive damages, costs and attorney's fees.

## COUNT THREE: CIVIL CONSPIRACY

20. Plaintiff herein adopts and re-allege Paragraphs 1-19 above as if fully set forth herein.

21. Upon information and belief, the Defendant and its agents' and/or employees' actions as set forth herein, both separately and combined constitute a civil conspiracy as such individuals had a common design to accomplish by concerted action an unlawful purpose and/or a lawful purpose by unlawful means as set forth herein.

22. Upon information and belief, Defendant and its employees and/or agents communicated and developed the common design to accomplish by a concerted effort the unlawful actions set forth herein.

23. As a direct and proximate result of Defendant's aforementioned actions, omissions and violations, Plaintiff has suffered injuries and losses, including, but not

limited to, past and future mental anguish, loss of the enjoyment of life, embarrassment and humiliation, past and future lost wages, cost and expenses and additional injuries and losses.  Plaintiff continues to suffer such injuries and losses and seeks all damages to which she is legally entitled, including, but not limited to, compensatory damages, special and incidental damages, punitive damages, costs and attorney's fees.

## COUNT FOUR: PUNITIVE DAMAGES

24. Plaintiff herein adopts and re-alleges Paragraphs 1-23 above as if fully set forth herein.

25. Defendant's actions as set forth herein were intentional, malicious, fraudulent and/or reckless, thus entitling Plaintiff to punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays that proper process issue and be served upon the Defendant, requiring it to answer the Complaint within the time prescribed by law and demands a jury and a judgment against the Defendant for:

1. Compensatory damages as decided by the jury, but not to exceed two hundred and fifty thousand dollars ($250,000.00);
2. Damages pursuant to 42 U.S.C.A. §2000-e(5), et seq.;
3. Damages pursuant to T.C.A. 4-21-101 et seq..
4. Special and incidental damages as decided by the jury, but not to exceed one hundred thousand dollars ($100,000);
5. Punitive damages as proven at trial;

6. A permanent injunction preventing Defendant from discriminating against employees based on their race;

7. Costs, pre and post judgment interest and attorney's fees in an amount to be proven at trial;

8. Any and all other general and equitable relief to which Plaintiff is entitled and which justice may require.

    Respectfully submitted,

    **HAYNES, FREEMAN & BRACEY, PLLC**

    By: /S/ KIRK L. CLEMENTS
    **KIRK L. CLEMENTS**, **BPR No. 020672**
    Attorneys for Plaintiff
    140 North Main Street
    P.O. Box 527
    Goodlettsville, Tennessee 37072
    (615) 859-1328
    kirk@haynes-freeman.com